## O'KEEFFE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

1. MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—CONTRACTS — PAYMENT BY INSTALLMENTS—REPAIRS.

Where a contract for the paving of a street provided ,that, after acceptance of the work, a portion of the sum due should be retained and paid in annual installments, provided the contractor should keep the pavement in repair as required by the commissioner, and that the commissioner should have the right to make repairs on the company's default, and charge the same to the sum due, in an action for an installment, plaintiff having shown the original work done, but failed to show the pavement kept in repair, it was proper to dismiss the complaint.

2. SAME—RETENTION OF SUM DUE—LEGALITY OF PROVISION.

Though Consol. Act, § 321, as amended by Laws 1887, c. 569, relative to street improvements and making the cost payable from the general fund, does not authorize the making of a contract requiring the contractor to maintain the work in repair a certain period, or suffer the cost of repair to be deducted from a portion of the compensation held by the city after acceptance, such a requirement in a contract for paving is proper.

Appeal from trial term, New York county.

Action by John G. O'Keeffe, as receiver of the Matt Taylor Paving Company, against the city of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Henry D. Hotchkiss, for appellant.
Theodore Connoly, for respondent.

LAUGHLIN, J. The plaintiff brings this action as the receiver of the Matt Taylor Paving Company to recover five annual installments under a contract made between said company and the city of New York on the 26th day of December, 1890, for regulating and paving with asphalt the carriageway of Sixty-Sixth street from Lexington avenue to Third avenue, and Sixty-Seventh street from Lexington avenue to Third avenue. The specifications, which were made a part of the contract, provided that 70 per cent. of the contract price would be paid on the completion and acceptance of the work, and the remaining 30 per cent. in 10 annual installments, of 3 per cent. each, beginning with the expiration of the sixth year, provided the contractor should perform the work stipulated under section 13a of the specifications. Section 13a provided that if at

any time during the period of 15 years from the date of acceptance "the said work, or any part or parts thereof, or any depression, bunches, or cracks, shall, in the opinion of said commissioner, require repairs, and the said commissioner shall notify the said party of the second part [the contractor] to make the repairs so required by a written notice to be served on the contractor either personally or by leaving said notice at his residence or with his agent in charge of the work, the said party of the second part shall immediately commence and complete the same to the satisfaction of said commissioner; and, in case of neglect or failure on his part to do so within forty-eight hours from the date of the service of the aforesaid notice, then the said commissioner shall have the right to purchase such materials as he shall deem necessary, and to employ such person or persons as he may deem proper, and to undertake and complete the said repairs, and to pay the expense thereof out of any sum of money due the contractor, or retained by the said party of the first part [the city], as hereinafter mentioned." "And the parties of the first part hereby agree, upon the expiration of the said period of fifteen years, provided that the said work shall at that time be in good order, or as soon thereafter as the said work shall have been put in good order to the satisfaction of said commissioner, to pay to the said party of the second part the whole of the sum last aforesaid, or such part thereof as may remain after the expenses of making the repairs in the manner aforesaid shall have been paid therefrom. And it is hereby further agreed between the parties hereto that, if the termination of the said period of fifteen years after the completion and acceptance of the work done under this agreement shall fall within the months of December, January, February, or March, then and in that case said months of December, January, February, or March shall not be included in the computation of said period of fifteen years during which the work is to be kept in repair by the contractor, as aforesaid; and also in that case the payment to be under the provisions of this paragraph shall not be made before the 15th of April next thereafter, unless otherwise specially permitted by the commissioner of public works." The contract also provided that the contractor should "maintain the said work in good condition, to the satisfaction of the commissioner of public works, his successor or successors, for the period of fifteen years from the final completion and acceptance thereof." The complaint alleges that the contractor "fully and substantially performed and carried out" the contract on its part. These allegations are denied by the answer. Upon the trial the plaintiff showed the performance of the original contract work, but presented no evidence showing that the contractor had maintained the work in good condition or had made necessary repairs.

We think the plaintiff failed to establish a cause of action. It was incumbent upon him to show that he had substantially performed all the conditions of the contract upon the performance of which the duty of the city to make the payments depended. The city was not in default in failing to pay the contractor, unless the contractor maintained the pavement in good condition, and upon notice from the

commissioner made the repairs provided for in section 13a. These,. we think, were conditions precedent to a right of recovery. There certainly is no presumption that the pavement remained in good condition, or that it did not need repairs, during this long period of time. It was the duty of the contractor to maintain the pavement in good condition without any notice from the commissioner, and it was his duty also to make the repairs specified in section 13a upon notice from the commissioner. This work was done pursuant to the provisions of section 321 of the consolidation act, so called, as amended by chapter 569 of the Laws of 1887, which provided that the cost should be borne by the general fund. Where the expense of an improvement of this character is not to be borne by local assessment, there can be no doubt of the authority of the city, even in the absence of express authority from the legislature, to insert such a maintenance clause in the contract. Similar maintenance provisions have been sustained by numerous decisions of sister states. Paving Co. v. Hezel, 76 Mo. App. 135; Same v. Watt, 51 La. Ann. 1345, 26 South. 70; Robertson v. City of Omaha, 55 Neb. 718, 76 N. W. 442, 44 L. R. A. 534; Wilson v. Inhabitants of City of Trenton, 61 N. J. Law, 599, 40 Atl. 575, 44 L. R. A. 540, 68 Am. St. Rep. 714;. Allen v. City of Davenport, 107 Iowa, 90, 77 N. W. 532.

The requirement that the contractor should maintain the work for a reasonable period of time, and keep it in repair during that time, was eminently proper, in the interest of the taxpayers, and should be sustained.

The complaint has not been dismissed upon the merits, and if the plaintiff is able to show substantial performance he is at liberty to again sue upon paying the costs. The judgment should there-- fore be affirmed, with costs. All concur.